# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LOMAR JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SGT. R. HURLS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01212-AWI-GSA PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

**I.　Screening Requirement**

　　Plaintiff Eric Lomar Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 21, 2007.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
7  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
8  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9  of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
10 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Claim Arising From Body Photograph**

The events at issue in this action allegedly occurred at Avenal State Prison, where Plaintiff was incarcerated at the time. Plaintiff alleges that Defendant Hurls forced him to expose his naked body against his will while Hurls took photographs of Plaintiff's tattoos at the request of the Los Angeles Police Department.[1] (Doc. 1, Comp., Court Record pages 3, 26, 27, & 31.) Plaintiff alleges that the Doe Director of the California Department of Corrections and Rehabilitation and the Doe Unit Warden at Avenal failed to following Sections 3084.1, 3370(e), and 3261.7(c)(1) and (g) of Title 15 of the California Code of Regulations.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights . . ,'" Bell v. Wolfish, 441 U.S. 520, 545-46 (1979) (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)), and Plaintiff's allegation that photographs of his tattoos were taken against his will is insufficient to a claim for relief under section 1983. It is unclear what right Plaintiff believes was violated and as set forth in the following paragraph, any violation of prison rules or regulations, alone, is insufficient

---

[1] Plaintiff alleges the photographs were taken of his naked body while the appeals relating to the claim state that Plaintiff removed his shirt.

2

to support a claim under section 1983.  Further, the allegations are not sufficiently detailed for the Court to determine whether or not the deficiency is curable.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  The Court will provide Plaintiff with the opportunity to file an amended complaint in the event that the deficiency is curable.  Plaintiff may not add new claims or otherwise alter the nature of this suit as set forth in the original complaint.

"[A] supervisor [may be held] liable for the constitutional violations of subordinates '*if* the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'"  Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)) (emphasis added).  Plaintiff may not impose liability on the Director and the Unit Warden simply because they hold supervisory positions.  The complaint contains no allegations providing any other basis for imposition of liability on Defendants under section 1983.  Further, section 3084.1 governs an inmate's right to appeal, section 3370 relates to the release of case records rather than the taking of a photograph, and section 3261 appears to apply to media or other outside individuals and not to photographs taken by prison officials.  None of the sections cited to by Plaintiff provide for Plaintiff's right to refuse photographs by CDCR or provide that Plaintiff's consent must be obtained.   Regardless, the violation of state regulations does not translate into a violation of Plaintiff's federal constitutional rights, and does not support a claim under section 1983 against the Director or the Unit Warden.

### III. Conclusion

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability unless there is some affirmative link or connection between a

defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 28, 2008**            /s/ Gary S. Austin
                                UNITED STATES MAGISTRATE JUDGE